IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51176
Summary Calendar
_____


WILBERT ANTONIO COLEMAN, Pastor

Plaintiff - Appellant

v.

DEPARTMENT OF THE UNITED STATES AIR FORCE

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-889
--------------------
July 28, 2000

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Wilbert Antonio Coleman appeals the dismissal of his claim against the United States Air Force ("USAF") under 31 U.S.C. § 3729 ("False Claims Act"). This court may sua sponte raise the issue of its subject-matter jurisdiction. Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir. 1999).

The False Claims Act was enacted in order to discourage fraud against the government. Robertson v. Bell Helicopter Textron, Inc., 32 F.3d 948, 951 (5th Cir. 1994). Coleman's claims are not within the ambit of the False Claims Act. He does

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not allege that the Government has been defrauded by any act of the USAF. He argues instead that he was defrauded by the USAF's refusal to correct his military record by granting him a disability rating. Coleman has not met his burden of demonstrating that federal-question jurisdiction was proper under the False Claims Act.

Because Coleman's complaint did not establish either diversity or federal-question jurisdiction, his action should have been dismissed without prejudice by the district court for lack of subject-matter jurisdiction. Without addressing the correctness of the the grounds upon which the district court based its dismissal, it is clear that the district court reached the correct result. Accordingly the district court's decision is AFFIRMED.

Coleman has filed a motion to have stricken from the record the brief and record excerpts filed by the appellee because no copy has ever been served on him. Because subject-matter jurisdiction is lacking and Coleman's appeal was not considered on its merits, his motion is DENIED.

The defendants have moved for the imposition of sanctions. This is not the first appeal brought by Coleman involving his benefits determination and the False Claims Act.

In each of Coleman's three previous appeals, the claim arose from the denial of his disability benefits, the complaint was based on the False Claims Act, and the district court dismissed the claim for lack of subject-matter jurisdiction. See Coleman v. United States Dep't of Veterans Affairs, No. 98-50168,

(sanction warning); <u>Coleman v. Department of Veterans Affairs</u>, No. 98-50736, ($105 sanction); <u>Coleman v. Disabled American Veterans</u>, No. 99-50076, ($210 sanction).  This court has expressly stated that the False Claims Act "will not support a private individual's action against the Government or its agencies."  <u>Coleman v. Department of Veterans Affairs</u>, No. 98-50736 (5th Cir. Feb. 10, 1999)(unpublished) (citing <u>Coleman v. U.S. Dep't of Veterans Affairs</u>, No. 98-50168 (5th Cir. Oct. 20, 1998)(unpublished)).

A plaintiff's continued pursuit of his plainly meritless claims in federal court when there is no diversity or federal-question jurisdiction warrants the imposition of sanctions.  <u>See</u> <u>Griggs v. State Farm Lloyd's</u>, 181 F.3d 694 (5th Cir. 1999). Because Coleman was put on notice by two prior decisions from this court that the False Claims Act will not support the type of claim he has brought here against the USAF, IT IS ORDERED that Coleman is sanctioned $750.  This sanction must be paid to the clerk of this court.  The clerk of this court and the clerk of all federal district courts within this circuit are directed to refuse to file any pro se civil complaint or appeal by Coleman unless he submits proof of satisfaction of this sanction.

MOTION DENIED; AFFIRMED; SANCTION IMPOSED.